STOKES, ROBERT G., Associate Judge.
This interlocutory appeal is taken from an order adjudging plaintiffs-appellants in willful contempt of a post-judgment order requiring them to post bond.
Appellants brought a suit for specific performance of a contract for sale of real property in Volusia County. Pursuant to this suit, appellants had filed a Notice of Lis Pendens. The trial court found in favor of appellees, holding that the contract was abandoned or rescinded. That judgment was appealed to this court. Appel-lees filed a motion to discharge the Notice of Lis Pendens or post bond. The lower court denied the portion of the motion seeking discharge of the lis pendens but required appellant to post a $10,000 superse-deas. Appellants did not post bond and ap-pellees moved to dismiss the appeal in this court. This motion was denied, but this court relinquished jurisdiction to the lower court to entertain motions. The lower court then entered an order requiring appellants to file a $10,000 bond within ten days. *516 Still not desiring to post supersedeas, appellants filed a “Compliance With Order” voluntarily discharging the Lis Pendens, believing this to be the consequence of their failure to post bond. Appellees then filed a motion for order adjudging appellants in contempt of court. After hearing, the lower court entered its order and appellants took this appeal.
There can be no doubt as to the authority of a trial judge to administer appropriate punishment for contemptuous conduct. This power has long been recognized as a part and parcel of our judicial system with the reason for it being very obvious.
Conceding the basic authority of the trial judge to exercise the power in an appropriate case, we must seek to examine what will constitute contemptuous conduct. By Section 38.23, Florida Statutes Annotated, contempt of court is defined as follows :
“A refusal to obey any legal order, mandate or decree, made or given by any judge either in term time or in vacation relative to any of the business of said court, after due notice thereof, shall be considered a contempt, and punished accordingly. But nothing said or written; or published, in vacation, to or of any judge, or of any decision made by a judge, shall in any case be construed to be a contempt.”
The record is clear that the appellee moved the court for alternative relief and although the trial court in its order of April 26, 1974, failed to mention the lis pendens, the appellants nevertheless could purge themselves by either posting the bond or dismissing the notice of lis pen-dens.
In spite of our respect for the sanctity of judicial orders and a. high regard for the trial judge who enters the orders, we come to the conclusion that if indeed the appellant’s conduct was contemptuous, it was purged by the voluntary dismissal of the notice of lis pendens.
For the reasons stated, the contempt order of May 28, 1974, appealed from is quashed.
BOYER, Acting C. J., and JOHNSON, J., concur.